# IN THE COURT OF APPEALS OF IOWA

No. 3-1242 / 13-0088
Filed February 5, 2014


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAMMIE M. SPEIGHTS,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Mark J. Smith (guilty

plea) and Paul L. Macek (sentencing), Judges.


        Tammie Speights appeals from a judgment and sentence following her

plea of guilty to possession with intent to deliver.  **AFFIRMED.**



        G. Brian Weiler, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kelly Cunningham and Steven

A. Berger, Assistant County Attorneys, for appellee.



        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Tammie Speights appeals from the judgment and sentence entered following her plea of guilty to possession with intent to deliver ten grams or less of crack cocaine, raising several claims of ineffective assistance of counsel relating to her guilty plea and sentencing proceedings. Upon our review, we affirm Speights's conviction. Because the sentencing court considered the proper factors and did not consider any improper factors such as uncharged or unproven conduct in sentencing Speights, we conclude her claim of ineffective assistance as to that issue fails. We preserve for a possible postconviction relief proceeding Speights's claim of ineffective assistance relating to her entry of a guilty plea without being fully informed of the charge's mandatory minimum sentence.

## I.    *Prior Proceedings*

In 2012, Tammie Speights pled guilty to possession with intent to deliver ten grams or less of crack cocaine. Speights does not challenge the factual basis of her plea. The district court sentenced Speights to serve an indeterminate ten-year term of incarceration, with a one-third mandatory minimum pursuant to Iowa Code section 124.413 (2011). Speights appeals. Additional facts relevant to the claims Speights raises on appeal will be set forth below.

## II.    *Guilty Plea*

Speights contends her trial counsel was ineffective in allowing the district court to accept her guilty plea without fully informing her of the mandatory minimum sentence. Speights also claims her trial counsel was ineffective in

failing to file a motion in arrest of judgment to challenge the adequacy of her guilty plea.[1]

We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Speights must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). If we determine the claim cannot be addressed on appeal, we must preserve it for a postconviction relief proceeding, regardless of our view of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

The State urges us to preserve Speights's claim for possible postconviction proceedings because the record is inadequate to determine whether trial counsel breached an essential duty where "[i]t is entirely possible" trial counsel *did* advise Speights of the mandatory minimum. At the outset, while we agree Speights's claim should be preserved, we note that in this case evidence of whether Speights was apprised by her counsel of the mandatory minimum sentence she faced could be significant to an analysis of the prejudice prong of her claim—not the breach of duty prong, as we find the breach of duty prong to be established.

---

[1] *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

> Due process requires the defendant enter his guilty plea voluntarily and intelligently. If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. In order to ensure a guilty plea is voluntarily and intelligently made, the court must articulate the consequences of the plea to the defendant.

*State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citations and quotation marks omitted). Iowa Rule of Criminal Procedure 2.8(2)(b) provides the court with a blueprint for a guilty plea proceeding. The rule provides in relevant part:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> . . . .
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2)(b). Substantial compliance with this rule is required. *Straw*, 709 N.W.2d at 134.

The record below provides no mention during the plea colloquy of the mandatory minimum punishment Speights could face by pleading guilty to the charge in this case. Accordingly, when Speights's attorney did not bring this matter to the court's attention or file a motion in arrest of judgment on this ground, her counsel failed to perform an essential duty. *See id.*; *see also State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (recognizing counsel's duty to correct any omission by the court during plea proceedings so that the defendant may be fully informed when entering a guilty plea).

But Speights can only succeed on her ineffective-assistance claim by establishing *both* that her counsel failed to perform an essential duty and that prejudice resulted. *See Anfinson*, 758 N.W.2d at 499 (noting a claim of

ineffective assistance of counsel fails if either element is lacking); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to show counsel was ineffective in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). There is nothing in the record before us reflecting whether or not trial counsel advised Speights about the possibility of the mandatory minimum one-third sentence. Such evidence of whether Speights was aware of that possibility could be significant to any prejudice analysis. *See Straw*, 709 N.W.2d at 138. As in *Straw*, "This case exemplifies why claims of ineffective assistance of counsel should normally be raised through an application for postconviction relief. In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing." *Id.*

Accordingly, we affirm Speights's conviction and preserve this claim for a possible postconviction relief proceeding.

### III. *Sentencing Decision*

Speights contends her trial counsel was ineffective in failing to object to the district court's "consideration of improper factors in sentencing." This contention is premised on a claim of defective sentencing by the district court.[2] In delivering Speights's sentence,[3] the court stated:

---

[2] We observe it was unnecessary for Speights's claim to be framed as one of ineffective assistance of counsel; a defendant is not required to raise an alleged sentencing defect in the trial court in order to preserve claimed error on that ground. *See State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980); *see also State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009).

[3] The court sentenced Speights to a term of incarceration and declined her request for placement in drug treatment court.

COURT: My notes also indicate that in 1995 you were convicted of Manufacturing or Delivering a Controlled Substance.

DEFENDANT: Yes.

. . . .

COURT: Back in 2005, you had Possession of a Controlled Substance. 2006, Possession of Drug Paraphernalia. You spent five days in jail for Possession of Drug Paraphernalia, it appears that was in 2007.

The presentence investigation report says that you have not been employed in over two years, and you've made your livelihood selling drugs. The Minutes of Testimony have you telling the police that you've been selling drugs for about the last 25 years. For the last six months you've been selling them for your ex-son-in-law.

. . . What has to do with your sentence is your criminal history, the fact that you are indeed a drug dealer.

Speights claims the court's statement that she is "indeed" a drug dealer, coupled with the court's reference to Speights selling drugs for "25 years," leads to a conclusion the court considered her history of selling drugs in determining her sentence.

"Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). One impermissible factor is the consideration of another criminal offense where the facts before the court do not show the defendant committed the offense. *See State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges where the defendant has not admitted to the charges or facts are not presented to show the defendant committed the offenses. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "We will not draw an inference of improper sentencing

considerations which are not apparent from the record." *Id.* "We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 758 (Iowa 1998) (quotation marks omitted).

However, "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *Longo*, 608 N.W.2d at 474. A court may consider an unproven or unprosecuted offense when sentencing a defendant if the facts before the court show the accused committed the offense, or the defendant admits it. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). Our supreme court has specifically permitted sentencing courts to consider the contents of a presentence investigation report (PSI) in its sentencing decision where the defendant did not object to the portion of the PSI being considered. *Id.*

As set forth above, the sentencing court did refer to Speights's "criminal history," that she had been convicted of manufacturing or delivering a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. However, these were not unproven charges or improper matters for the sentencing court to consider, or portions of the PSI that Speights objected to being considered. In addition to those listed by the court, the PSI report sets forth Speights's convictions for possession of a controlled substance in 1992, possession of drug paraphernalia in 2003, theft in 1991, 2003, 2006, and 2007, numerous failures to appear, and convictions for resisting arrest in 1995 and 2001. The PSI also includes these statements from the report's preparer: "The

defendant has not been legitimately employed in over two years. It would appear that most of her livelihood came from the sale of drugs during this time," and "Her drug of choice is crack cocaine and she is an admitted drug dealer." Under the "Defendant's Version" section of the PSI it states: "I was in possession of crack cocaine, which I used and sold." Speights did not object to or challenge the statements contained in the PSI. The court did not abuse its discretion in considering them.

The court's reference to the minutes of testimony is a horse of a different color. Immediately after Speights's allocution, the court began going through Speights's criminal history from the PSI. After a short colloquy with Speight concerning her 1995 conviction, and after mentioning her other drug convictions, the court stated the minutes of testimony "have you telling the police that you've been selling drugs for about the last 25 years." Speights stood silent and did nothing to challenge or protest the assertion. While the court's reference to the statement in the minutes of testimony may have been improvident, we conclude the sentencing court's challenged statements do not "rise to the level of affirmative showing made in cases where we have vacated and remanded based on the sentencing court's reliance on unproven charges." *See State v. Jose*, 636 N.W.2d 38, 42 (Iowa 2001). Rather, when we consider the statements in context, we conclude they show only a proper consideration of Speights's prior proven offenses and other proper factors, rather than an improper consideration of unproven offenses. In light of this conclusion, we conclude Speights is unable to prove her trial counsel breached an essential duty in failing to object to the court's consideration of impermissible factors. *See State v. Dudley*, 766 N.W.2d

606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit."). Speights's ineffective-assistance claim raising this argument fails. *Anfinson*, 758 N.W.2d at 499 (noting a claim of ineffective assistance of counsel fails if either element is lacking).

## IV. *Conclusion*

We affirm Speights's conviction and preserve for a possible postconviction relief proceeding her claim of ineffective assistance of counsel relating to her entry of a guilty plea without being fully informed of the charge's mandatory minimum sentence.

**AFFIRMED.**