# IN THE COURT OF APPEALS OF IOWA

No. 14-1114
Filed April 22, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER R. MARTIN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

　　　　A defendant appeals the district court's dismissal of his motion to correct an illegal sentence and application for appointment of counsel. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Michael Walton, County Attorney, and Jerald Feuerbach, Assistant County Attorney, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Christopher Martin pled guilty to second-degree theft and second-degree robbery. The district court imposed sentence, ordering his Iowa sentences to be served consecutively and also ordering them to run concurrently with a sentence imposed on a separate crime in Illinois. The court later clarified Martin should receive credit for time served in Illinois.

Five years later, Martin filed a motion to correct illegal sentence. He asserted (1) the district court lacked "authority or jurisdiction of the case" because of a statute of limitations violation and (2) he understood his plea agreement would allow "all of his Illinois and Iowa prison time" to run concurrently. Martin simultaneously filed an application for appointment of counsel. The district court summarily denied the motions, reasoning the issues raised in the motion to correct illegal sentence were "previously dealt with."

On appeal, Martin asserts the district court "erroneously denied [him] the right to counsel on his motion for correction of an illegal sentence." He cites the United States and Iowa Constitutions as well as Iowa Rule of Criminal Procedure 2.28(1).

To be an "illegal" sentence, "the sentence must be one not authorized by statute." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Martin's motion was not truly a motion to correct an illegal sentence. The motion raised a statute of limitations concern and a concern about his understanding of and reliance on the plea agreement. Neither implicates the legality of the sentence. *See State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980) (suggesting rule on correction of illegal sentences "is directed to excision of sentences insofar as they were beyond the

jurisdiction of the court and therefore void").  Because the issues Martin raised could not be described as a challenge to the legality of the sentence, we need not address the question of whether a right to counsel attaches to a motion to correct an illegal sentence.  *See State v. Trueblood*, No. 13-0687, 2014 WL 636167, at *2 (Iowa Ct. App. Feb. 19, 2014).

We affirm the district court's summary dismissal of Martin's motion to correct illegal sentence.

**AFFIRMED.**