# IN THE COURT OF APPEALS OF IOWA

No. 15-0070
Filed August 19, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DAVID JOSEPH VANCE JR.,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

     A defendant appeals the district court's denial of his motion to correct an illegal sentence. **AFFIRMED.**

     Marti D. Nerenstone, Council Bluffs, for appellant.

     Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Matthew Wilber, County Attorney, and Margaret Popp-Reyes, Assistant County Attorney, for appellee.

     Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

In 1999, a jury found David Vance guilty of three counts of first-degree robbery. This court subsequently affirmed his judgment and sentence. *See State v. Vance*, No. 99-1316, 2000 WL 1724579, at *5 (Iowa Ct. App. Nov. 20, 2000). Almost fourteen years later, Vance filed a motion to correct an illegal sentence. He asserted (1) "the sentence was illegally imposed . . . because the judge did not explain its reasons for imposing consecutive terms in addition to its reasons for the sentences on each individual count" and (2) juveniles have "lessened culpability" under recent jurisprudence and, if the court does not recognize his "lessened culpability," he would be "denied due process and equal protection of law as well as being subjected to cruel and unusual punishment."

The district court concluded Vance's challenge to the sentencing court's reasons for imposition of the sentence was a "procedural error" that was waived. The court next concluded recent precedent in the juvenile sentencing area was inapplicable because Vance was not a juvenile at the time he committed the crimes.

On appeal, Vance reiterates the challenges he raised in the district court and, in addition, asserts (1) the State engaged in prosecutorial misconduct during the sentencing hearing, (2) the sentencing court made inappropriate comments "totally unrelated to the circumstance of the crimes," and (3) the sentencing court "improper[ly] consider[ed]" his juvenile offense history. These issues were not raised in Vance's motion or amended motion to correct illegal sentence or at the hearing on the motion, and were not decided by the district court. But, in Vance's view, all the issues he raises implicate the legality of his sentence and,

accordingly, may be raised at any time. *See Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) ("[A] claim that a sentence is illegal may be raised at any time.").

Vance's challenge based on the sentencing court's failure to give reasons for the imposition of consecutive sentences as well as the three additional issues he raises on appeal, do not implicate the legality of his sentence. They raise procedural errors in sentencing. "A defective sentencing procedure does not constitute an illegal sentence," which may be raised at any time. *See Tindell v. State*, 629 N.W.2d 357, 359-60 (Iowa 2010); *see also State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980) (concluding failure to state reasons for sentence was not an issue that could be raised at any time); *State v. Means*, No. 11-0492, 2012 WL 3195975, at *3 (Iowa Ct. App. Aug. 8, 2012) (stating claim that sentencing court failed to articulate reasons for consecutive sentences was a challenge to how the sentence was imposed rather than a challenge to the actual sentence and could not be raised at any time). It is simply too late to consider those issues.

Vance's constitutional challenge based on his youth would implicate the legality of his sentence. *See Veal*, 779 N.W.2d at 64-65 (citing *State v. Bruegger*, 773 N.W.2d 862, 870-72 (Iowa 2009)). However, as the district court found, Vance was not a juvenile when he committed the crimes; he was nineteen years old. Vance nonetheless believes cogent reasons exist to extend the protections afforded juveniles to young adults.

The court addressed this issue in *State v. Lyle*, 854 N.W.2d 378, 400-01 (Iowa 2014). The court held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual

punishment clause in article I, section 17 of our constitution." *Lyle*, 854 N.W.2d at 400. The court went on to limit the holding as follows:

> Furthermore, our holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

*Id.* at 403. In light of this limitation, Vance cannot avail himself of *Lyle*.

We have repeatedly said as much in unpublished opinions. *See State v. Walztoni*, No. 14-0843, 2015 WL 1331646, at *1 n.1 (Iowa Ct. App. Mar. 25, 2015) (stating eighteen-year-old defendant's challenge to the mandatory minimum aspect of his sentence was not controlled by *Lyle*); *State v. Clayton*, No. 14-0451, 2014 WL 7343751, at *4 (Iowa Ct. App. Dec. 24, 2014) (same); *State v. Ryun*, No. 14-0559, 2014 WL 6977253, at *1 n.2 (Iowa Ct. App. Dec. 10, 2014) (same); *State v. Cox*, No. 13-0991, 2014 WL 4230196, at *2 (Iowa Ct. App. Aug. 27, 2014) (same); *Quigley v. State*, No. 12-1121, 2014 WL 4243262, at *1 (Iowa Ct. App. Aug. 27, 2014) (holding Quigley should be resentenced consistent with *Lyle*, but because some crimes occurred when Quigley was eighteen, "the district court may need to differentiate between offenses Quigley committed as a juvenile and those he committed as an adult"). While these opinions carry no precedential value, we find them persuasive, as did the district court.

Vance tangentially appears to raise other constitutional issues. We find no basis to consider them. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) (holding random mention of an issue, without analysis or argument is insufficient to prompt consideration by appellate court).

We affirm the district court's denial of Vance's motion to correct illegal sentence.

**AFFIRMED.**