# IN THE COURT OF APPEALS OF IOWA

No. 14-0578
Filed April 27, 2016

**CHARLES C. HORNE,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Marsha M. Beckelman (postconviction trial and sentencing) and Thomas L. Koehler (plea hearing), Judges.

Charles Horne appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Charles Horne was charged with several crimes in connection with an apartment break-in, forced sex, and missing items. He entered *Alford*[1] pleas to third-degree sexual abuse, first-degree burglary, and two counts of second-degree robbery. The district court accepted the pleas and sentenced him to a total prison term not exceeding fifty-five years, subject to mandatory minimum terms of seventy percent on the ten-year robbery counts. The court ordered the sentences to run consecutively. According to Horne's attorney, Horne filed a pro se notice of appeal. There is no record of this appeal.

Horne subsequently filed a postconviction-relief application. The district court denied the application following an evidentiary hearing. On appeal, Horne (1) raises ineffective-assistance-of-counsel claims and (2) challenges the district court's imposition of consecutive sentences.

## I. Ineffective Assistance of Counsel

Horne contends his trial attorney was ineffective in (A) failing to challenge his competency or "reduced mental ability," (B) pressuring him to plead guilty, and (C) failing to perfect an appeal. To prevail, Horne must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our review is de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

*A. Mental Competency.* Horne contends "[n]o pretrial efforts were made to determine if [he] was competent to stand trial, or was mentally unable to

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding an "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

participate in his defense." In his view, his attorney had an obligation to raise "either avenue as a defense or mitigating factor."

Generally, a competency evaluation is required if information in the record would lead a reasonable person to believe there is a substantial question of the defendant's competence. *See Jones v. State*, 479 N.W.2d 265, 270 (Iowa 1991); *see also* Iowa Code § 812.3 (2013) (requiring a preliminary allegation of specific facts showing the "defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense"). The record does not contain this type of information.

The only evidence of a mental disorder was Horne's testimony that he was a "slow learner" and in "special education" as a child. Despite this learning disability, Horne showed an understanding of the plea proceedings. For example, when the court asked him to admit he committed a sex act, he demurred, stating "[n]ot like that." The court responded, "You don't wish to admit that it was done by force or against the will of the victim then, is that correct?" Horne responded, "Yes, sir."

Notably, Horne's attorney circumvented Horne's limited ability to read and write by reading orders to him and explaining key matters in person or by telephone. While the attorney acknowledged Horne "had some trouble with understanding the severity of the case," Horne "did know going in that the plea bargain that he agreed to was going to result in a substantial amount of prison time for him," and "[h]e understood that and he agreed to that."

We conclude counsel did not breach an essential duty in failing to seek a competency hearing or otherwise challenge Horne's "reduced mental ability." Horne cannot prevail on this ineffective-assistance-of-counsel claim.

*B. Guilty Plea.* Horne contends his attorney "pressured [him] to plead guilty." This is essentially a claim that his plea was involuntary. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998).

Horne's own testimony at the postconviction hearing belies this assertion. When the prosecutor asked him whether his attorney told him he could not go to trial, Horne responded, "Well, he said it would be in my best interest not to go." When the prosecutor repeated the question, Horne again answered, "No, he didn't say I could not go. He said it would be in my best interest not to go and so many reasons why I shouldn't go."

Horne's testimony reinforced the attorney's statements that he "encouraged" Horne to take the plea and would "never have said [he] could not" go to trial. The attorney explained the "last thing" he "wanted to see" was Horne "get a 100-year prison sentence." In the attorney's view, the plea deal gave Horne "a shot at parole in the relatively near future" and "a shot at a life" once he was released.

We conclude counsel did not coerce Horne into taking the plea. Accordingly, this ineffective-assistance-of-counsel claim fails.

*C. Direct Appeal.* Horne contends his attorney "failed to perfect [an] appeal or explain [his] rights to appeal." In his view, "The prejudicial effect . . . is that [he] did not have the opportunity for a direct appeal of the sentence for abuse of discretion." The postconviction court rejected this prejudice argument

on the ground that "Horne has not sufficiently shown that anything was done improperly at the sentencing such that an appeal would even be warranted." We agree with this conclusion.

The sentencing court clearly explained the sentences, the mandatory minimum terms on the two robbery counts, the reasons for the sentences, and the reason the court was rejecting Horne's request to have the sentences run concurrently rather than consecutively. Even if counsel had perfected an appeal of the sentence, there is no reasonable probability the appellate court would have found an abuse of discretion in the imposition of the sentence. Accordingly, this ineffective-assistance-of-counsel claim fails.

## II. *Sentencing*

Horne contends the district court abused its discretion in imposing consecutive sentences. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (setting forth standard of review). He asserts the sentencing transcript "contain[s] no reference to [his] education, background, employment, ties to the community, or likelihood of recidivism," the court "made no findings as to how the sentence was appropriate for [him] and how it would either protect or benefit the community," and "the Court did not recite sufficient reasons for making the sentences consecutive."

Horne does not contend the sentence is illegal, which would allow him to bypass our error-preservation rules and raise the challenge at any time. *See Tindell v. State*, 629 N.W.2d 357, 360 (Iowa 2001) ("[A] claim of procedural error is not a claim of illegal sentence, and therefore, it is precluded by our normal error-preservation rules."); *State v. Wilson*, 294 N.W.2d 824, 824-25 (Iowa 1980)

(noting no statement of reasons was given for sentence but concluding rule allowing illegal sentences to be raised at any time did not include challenge to this procedural defect); *State v. Means*, No. 11-0492, 2012 WL 3195975, at \*3 (Iowa Ct. App. Aug. 8, 2012) (stating claim that sentencing court failed to articulate reasons for consecutive sentences was a challenge to how the sentence was imposed rather than a challenge to the actual sentence and could not be raised at any time); *see also State v. Bruegger*, 773 N.W.2d 862, 870-71 (Iowa 2009) (broadening the definition of an "illegal sentence" to encompass "claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional" but citing list of sentencing challenges still subject to error-preservation rules). Accordingly, Horne has not preserved error, and we decline to review his sentence directly. However, our discussion of Horne's ineffective-assistance-of-counsel claim relating to counsel's failure to perfect an appeal essentially resolves his sentencing challenge.

We affirm the district court's denial of Horne's postconviction-relief application.

**AFFIRMED.**