# IN THE COURT OF APPEALS OF IOWA

No. 16-0546
Filed February 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee.

**vs.**

**STUART LEE CORSON,**
    Defendant-Appellant,

_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

The defendant appeals his conviction and sentence for operating while intoxicated, second offense. **AFFIRMED.**

Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Stuart Lee Corson appeals from the sentence imposed after his plea of guilty to a charge of operating while intoxicated, second offense.

## I.     Background Facts and Proceedings

On January 14, 2016, Corson was charged with one count of operating while intoxicated, third offense, and one count of child endangerment. The trial information alleged on December 26, 2015, Corson was involved in a single vehicle rollover accident while he was driving his automobile with his minor daughter as a passenger. An officer was dispatched to the scene and observed Corson appeared to be intoxicated. Field sobriety tests were performed, and the officer determined, based on Corson's appearance and the field sobriety test, that he was in fact intoxicated. Corson refused to submit to a chemical analysis of his breath for alcohol content.

A plea agreement was reached by which Corson pled guilty to an amended charge of operating while intoxicated, second offense. The child-endangerment charge was to be dismissed. The court approved the amendment and dismissed the child-endangerment charge. The plea agreement also provided for a two-year sentence with all but seven days suspended, plus other penalties and requirements not at issue.

At the sentencing hearing, the State asked that Corson be placed on probation to the Center for Creative Justice, and Corson asked that he be placed on probation with the Boone County Prevention Services. The court had before it Corson's criminal records, which included not only two previous convictions for operating while intoxicated but numerous other criminal convictions. Corson's

counsel pointed out he was providing support for his family, had a regular job, had good family support, had not been driving, and had been staying away from alcohol while on release awaiting sentencing. In sentencing Corson, the court granted work release but required him to serve his probation at a residential facility. Corson has appealed, claiming the sentence was excessive and the trial court abused its discretion.

## II.     Preservation of Error

Any defect in sentences is an exception to the general rule requiring error preservation. *State v. Wilson*, 294 N.W.2d 824, 825-26 (Iowa 1980).

## III.     Standard of Review

Sentencing decisions are reviewed for abuse of discretion and for defects in the sentencing procedure. *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

## IV.     Merits

There has been no allegation of a defect in the sentencing procedure. A sentencing court is obligated to give the reasons for the sentence imposed in order that it may be reviewed. Iowa R. Crim. P. 2.23(3)(d); *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980). The sentencing court gave the reasons for its sentencing decision clearly and at some length. After noting Corson's lengthy criminal record and noting it included two previous operating while intoxicated charges, the court stated in part:

> We want you to be successful. What we don't want you to do is go out and kill yourself or somebody else, which is the path you're on right now.
>     By putting you in a residential facility we'll be able to monitor your behavior and if you're making poor decisions, if you're not

following through with treatment, if you're not abstaining, if you're not doing what you need to do, I'll know that and I'll know it pretty quickly.

It is incumbent on a sentencing court to consider the rehabilitation of the offender and the protection of the community from further offenses. *See* Iowa Code § 901.5 (2015). The court clearly did both. A sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned if it can be considered to have been exercised on grounds or for reasons that are clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The sentence imposed on Corson was clearly reasonable and was supported by the facts before the court. Furthermore, the court's reasons were well articulated and explained. Corson objects that the court did not put more weight on his recent work record and family obligations. The court's failure to acknowledge all of the existing circumstances does not mean they were not considered. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We conclude the court did not abuse its discretion.

We affirm Corson's conviction and sentence.

**AFFIRMED.**