# IN THE COURT OF APPEALS OF IOWA

No. 16-0616
Filed February 22, 2017

**ALAN ENRIQUE ENAMORADO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Applicant appeals the district court denial of his application for postconviction relief. **AFFIRMED.**

James A. Benzoni of Benzoni Law Office, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Alan Enamorado is a native of Honduras, who came to the United States in 1996 and has a limited understanding of the English language. He received temporary protected immigration status, which could be revoked if he was convicted of two or more misdemeanors. *See* 8 U.S.C.A. § 1254a. Enamorado pled guilty to public intoxication in 2009, trespassing at Prairie Meadows Racetrack and Casino in 2011, and a second public intoxication charge in 2014. In all three of these cases Enamorado was not asked if he wanted, nor did he request, an interpreter or lawyer.

In June 2015, Enamorado was notified his temporary protected immigration status would be revoked because of his misdemeanor convictions. Enamorado filed an application for postconviction relief, challenging all three misdemeanor convictions. The district court granted his application regarding the second public intoxication charge for lack of due process. Enamorado's request that the other misdemeanors be dismissed was denied as the post-conviction relief statute of limitations had expired.[1] Enamorado now appeals. "We ordinarily review postconviction relief proceedings for errors at law." *Love v. State*, 543 N.W.2d 621, 623 (Iowa Ct. App. 1995) (citations omitted). However, when relief is based on the violation of a constitutional right, we review the case de novo. *Id.*

Enamorado claims both misdemeanors are void as illegal sentences because he was not provided with an interpreter or attorney and the district

---

[1] Postconviction relief applications must be filed within three years of the date of conviction. Iowa Code § 822.3 (2015).

courts failed to advise him of possible immigration consequences. An illegal sentence may be challenged at any time, unaffected by the post-conviction relief statute of limitations. *See* Iowa R. Civ. P. 2.24 ("The court may correct an illegal sentence at any time."). However, there is a distinction between an illegal sentence and a sentence *imposed* illegally. *Compare State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998) (A "sentence is illegal because it is beyond the power of the court to impose." (citations omitted)), *with State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980) ("[A] defective sentencing procedure does not constitute an 'illegal sentence.'"). The failure to provide an interpreter and attorney, and the failure to advise Enamorado of possible immigration consequences may be violations of his due process rights. However, these violations do not create an illegal sentence. The district court sentenced Enamorado to pay a sixty-five dollar fine for both his first public-intoxication charge and for the trespassing charge. These sentences were not beyond the district court's power to impose and, therefore, were not illegal sentences. Even if these sentences had been imposed illegally, they are subject to the post-conviction relief statute of limitations. *See Lopez-Penaloza v. State*, 804 N.W.2d 537, 541-42 (Iowa Ct. App. 2011). The district court properly applied the statute.

Enamorado also claims the conviction for trespass is void because the underlying conduct did not constitute a crime under Iowa Code section 716.7 (2011) and is therefore an illegal sentence. The Iowa Code prohibits "[e]ntering or remaining upon or in property without justification after being notified or requested to abstain from entering . . . by the owner, lessee, or person in lawful possession, [or their agent]." Iowa Code § 716.7(2)(b). Enamorado signed a

voluntary lifetime ban, which the Iowa Racing and Gaming Commission requires all casinos and racetracks to offer. *See* Iowa Code Ann. § 99D.7 (22-23).

Enmorado claims he was not banned by a manager or owner as the ban was self-imposed. Enamorado also claims law enforcement was improperly involved. Finally, he claims his conduct was not punishable as trespass as the elements were not fulfilled.

Enamorado's conduct was punishable as trespass as his actions fulfill the requirements of Iowa Code section 716.7. The ban is statutorily mandated and the casino was able to involve law enforcement in carrying out the ban. We also find Enamorado was provided notice as required by the statute when he signed the ban, which was printed on letter head from the casino and required him to acknowledge he "may be criminally prosecuted" for returning.

We find Enamorado's sentences were legal and the district court properly applied the statute of limitations. Pursuant to Iowa Court Rule 21.26(1)(a) and (e), we affirm the district court.

**AFFIRMED.**