# IN THE COURT OF APPEALS OF IOWA

No. 21-0012
Filed November 2, 2022

**DANNY RAY LONG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, Craig M.
Dreismeier, Judge.


Danny Long appeals the dismissal of his application for postconviction
relief. **AFFIRMED.**


Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee State.


Considered by Bower, C.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**DANILSON, Senior Judge.**

In 1999, Danny Long was found guilty of two counts of robbery in the first degree. The district court sentenced him to two consecutive twenty-five-year prison terms. This court affirmed Long's convictions on direct appeal, rejecting his challenges to the court's refusal to sever his charges, adverse evidentiary rulings, trial counsel's failure to seek suppression of an accomplice's confession, and prosecutorial misconduct. *See State v. Long*, No. 99-1429, 2000 WL 1827178, at *2–6 (Iowa Ct. App. Dec. 13, 2000). Procedendo issued in 2001.

In 2007, Long filed his first application for postconviction relief (PCR) (PCCV095923), which the court dismissed for "fail[ure] to file [the] application within three-year statute of limitation period." Long did not appeal that decision.

In 2014, Long filed his second PCR application (PCCV111993), in which he alleged, in part, that his sentence was "illegal." Following a hearing, the PCR court dismissed the application, concluding Long "failed to file his application within the three-year statute of limitations provided under Iowa Code section 822.3" (2015) and "failed to raise a ground of fact or law that could not have been raised within the statute of limitations period." This court affirmed the PCR court's ruling on direct appeal. *See Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017).

Long filed the PCR application precipitating this appeal (PCCV120371) in 2020. Long argued, in part, that his "conviction and sentence are in violation of the Constitution of the United States and the laws of this State." Long further argued his claims of ineffective assistance of counsel and prosecutorial misconduct were timely under *Allison v. State*, 914 N.W. 866 (Iowa 2018), and

*Schmidt v. State*, 909 N.W.2d (Iowa 2018). The PCR court rejected Long's claims, stating in part:

> Assuming only for arguments sake the change in the statute in 2019 did not control, for whatever reason leaving the *Allison* case to control, this court concludes Long's application filed herein still fails to comply with the standards identified under *Allison* and would be subject to dismissal. As noted, this is Long's third application for PCR. His first PCR application was filed six and one half years after procedendo was issued from his direct appeal of the original trial. Long's first application was filed October 25, 2007. It was Long who failed to timely file this first application. He can't point the finger at anyone other than himself for not timely filing this application. As noted, this application was dismissed as untimely filed and ultimately no appeal was filed. Long's second PCR application was not filed until September 29, 2014. The same was dismissed by the trial court as untimely on May 26, 2016. Long appealed the same which ultimately was unsuccessful and procedendo was issued on July 19, 2018. The *Allison* case was decided by the Iowa Supreme Court on June 29, 2018. Long filed this current application on March 4, 2020. . . . Long argues he has three years from *Allison* in which to file his action. That interpretation clearly is contrary to the ruling in *Allison.* Long waited in excess of twenty months from the time *Allison* was filed until he filed this current action. This court does not determine that to be promptly filed as required under *Allison.* Even if Long immediately filed this current action immediately upon procedendo being issued from this second PCR action, (which he did not), Long's claim also fails to comport with the *Allison* decision in that he never timely filed his first PCR action.
>
> Iowa Code 822.3, as revised, still allows for applications to be filed beyond the three year period of time for grounds of fact or law which could not have been originally raised. In reviewing Long's claims asserted, he has failed to assert anything based on new facts discovered outside of this period of time. His argument related to *Schmidt* as the same relate to the decision in *Allison*, i.e. a change in the law, giving him three years from that decision being filed is rejected as noted herein. Further, Long is prohibited from relitigating issues previously litigated and barred from raising claims not raised in his original or earlier post-conviction application.

On appeal, Long raises a completely different claim, arguing this court "should limit, qualify, or overturn *State v. Wilson*, 294 N.W.2d 824 (Iowa 1980), and hold that where, as here, the sentencing court fails to articulate the reasons for a

sentence on the record, a motion to correct an illegal sentence under Iowa R. Crim. P. 2.23, is proper and may be brought at any time." Long points to his sentencing in 1999 and claims the district court did not give "any reasons" for its decision to impose consecutive sentences totaling fifty years on his robbery convictions. Long therefore requests this court "vacate the sentence and remand for resentencing."

At the outset, we note it is not our prerogative to "limit, qualify, or overturn" the supreme court's holding in *Wilson*. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) (stating it was prerogative of the supreme court, rather than the lower court, to determine the law and stating if "previous holdings are to be overruled, we should ordinarily prefer to do it ourselves"); *accord Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012). In any event, Long's claim is not properly before us, as it was neither raised before nor addressed by the PCR court.[1] *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) (noting issues not raised before the district court may not be raised for the first time on appeal). And as a third strike to his claim, we observe that in 2015 Long filed a motion to correct an illegal sentence in his underlying criminal case; the district court denied the motion, stating in part:

> The defendant also argues that *the sentencing Court gave insufficient reasons for imposing consecutive sentencing.* The Court received Exhibit 1 which is a full transcript of the sentencing at issue. The Court finds that a review of the transcript convinces the Court that *the Court gave sufficient reasons for the defendant's sentence and particularly his consecutive sentences.* The Court also finds that this matter could have been raised in defendant's direct appeal and in his post-conviction relief action, neither of which raised the issue.

---

[1] Long states "the issue was not raised in Long's direct appeal, nor has it been raised in either of his two prior applications for postconviction relief, or in the district court on this application," but he acknowledges we can review an illegal sentence at any time.

(Emphasis added.)  Accordingly, the doctrine of issue preclusion "prevents [Long] from relitigating issues already raised and resolved in a prior action."  *See Clark v. State*, 955 N.W.2d 459, 464 (Iowa 2021).

For these reasons, we affirm the dismissal of Long's third PCR application.

**AFFIRMED.**