# IN THE COURT OF APPEALS OF IOWA

No. 23-2104
Filed October 21, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARMSTRONG KYNE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly J. Smith, Judge.

Following his convictions for child endangerment and domestic abuse assault causing bodily injury, Armstrong Kyne appeals the revocation of his bond and his sentence. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

Armstrong Kyne pleaded guilty to child endangerment, in violation of Iowa Code section 726.6(8) (2023), and domestic abuse assault causing bodily injury, in violation of sections 708.1(2)(a) and 708.2A(2)(b). Kyne was sentenced to concurrent sentences and suspended incarceration except for thirty days in jail with credit for the thirty days he had previously served. Kyne now appeals the sentencing, arguing (i) the district court violated constitutional and statutory protections to bail by revoking his surety and remanding him into custody without bond for his pending misdemeanor charges, and (ii) the district court abused its discretion and considered inappropriate matters in convicting and sentencing him.

## I.    Background Facts and Proceedings

Kyne admitted he pushed his girlfriend while he was holding their child, which caused her bodily injury. The State charged him with domestic abuse assault causing bodily injury and child endangerment. On July 25, 2023, he was placed on pretrial release without a bail requirement. Kyne pleaded guilty as charged. The parties agreed to recommend deferred judgments, but the State was relieved of its sentencing agreement if Kyne received new charges before sentencing.

And he did receive new charges before sentencing, including intimidation with a dangerous weapon. On September 29, the district court imposed $2000 bail before later revoking bail. Kyne did not object to the bail revocation.

The district court convicted Kyne of both charges. It sentenced him to "be incarcerated for a period not to exceed two years under count 1 and one year under count 2. These sentences shall run concurrently to each other. Credit

[Kyne] with 30 days served. All but 30 days of this sentence is suspended." Kyne now appeals.

## II.     Jurisdiction

Kyne was placed on pretrial release on July 25, 2023. Due to his arrest during pretrial release, his pretrial release was revoked and bond was set at $2000 on September 29, 2023. Kyne posted bond on October 5, but the district court revoked his bond on October 11, based on the new charges for intimidation with a dangerous weapon and possession of a controlled substance he picked up while on pretrial release for the charges subject to this appeal. Kyne argues that the district court's revocation of his bond violates his constitutional and statutory bail protections.

The State contests our jurisdiction to address Kyne's bail claim under Iowa Code section 814.6(1)(a)(3) due to his guilty plea. "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (quoting *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020)). Kyne's contention that "injustice is never moot" does not address the State's jurisdictional argument and does not pertain to sentencing errors. We thus lack jurisdiction to hear the bail claim.

## III.     Discussion

Kyne contends that the district court abused its discretion and considered inappropriate matters in convicting and sentencing Kyne. We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016).

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Damme*, 944 N.W.2d at 105–06 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "Nevertheless, '[i]f a court in determining a sentence uses an improper consideration, a resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'" *Id.* at 106 (alteration in original) (quoting *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (en banc)).

Child endangerment, in violation of Iowa Code section 726.6(8), is an aggravated misdemeanor for which a specific penalty is not provided for within the statute. Aggravated misdemeanors for which specific penalties are not provided for have a maximum penalty of imprisonment not to exceed two years, with a minimum fine of at least $855 but not more than $8540. Iowa Code § 903.1(2). When a district court enters judgment against a person and provides for a term of confinement that is more than one year, the term of confinement shall be an indeterminate term. *Id.*

Domestic abuse assault causing bodily injury, in violation of Iowa Code sections 708.1(2)(a) and 708.2A(2)(b), is a serious misdemeanor. A person convicted of domestic abuse assault causing bodily injury must serve at least two days in jail, which cannot be suspended. Iowa Code § 708.2A(7)(a). The district court may order a person to serve up to one year in jail and shall enter a fine of at least $430 but not more than $2560. *Id.* § 903.1(1)(b).

Kyne first argues that the district court failed to sentence him to an indeterminate term, as is required for child endangerment sentencing under section 903.1(2). But Kyne admits the court sentenced him to a term of confinement "not to exceed two years" with "all but thirty days suspended." A suspended sentence not to exceed two years is an indeterminate sentence, as required by the statute. *See State v. Wilson*, 294 N.W.2d 824, 824 (Iowa 1980) (holding that a sentence of "a term not to exceed two years" is an indeterminate sentence under the meaning of section 903.1). And Kyne's allegation that the district court erred in not suspending thirty days of his sentence but with full credit for time served is moot. *State v. Wilson*, 234 N.W.2d 140 (Iowa 1975) (holding that absolute discharge of sentence moots challenge to work release revocation). He has served the determinate portion of his sentence. We cannot provide relief for the time served. And the thirty days not suspended is not subject to the requirement for an indeterminate sentence because thirty days is a determined period of confinement of less than one year. Such a sentence is permitted by statute. *See* Iowa Code § 903.1(2) ("[A] sentence of confinement for a period of more than one year the term shall be an indeterminate term.").

Kyne also contends that district court considered improper factors in sentencing. He does not cite to the record for any improper factors used by the district court, and we find no such references to improper factors in the record. Rather, Kyne speculates that the "only plausible consideration for not deferring judgment" on his convictions for domestic abuse and child endangerment are the new charges that were filed against him during his pretrial release. But the court only cited lawful and proper factors in its sentencing order, including, "Defendant's

criminal history. Defendant's propensity for further criminal acts. Defendant's mental health history. Maximum opportunity for rehabilitation. Defendant's age and character. The plea agreement." Because the district court made no abuse of discretion and only considered appropriate factors in Kyne's sentencing, we affirm Kyne's sentence.

**AFFIRMED.**