STATE of Iowa, Appellee,

v.

Caroline Marie JANZ, Appellant.

No. 84–81.

Supreme Court of Iowa.

Nov. 14, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Steven K. Hansen, Asst. Atty. Gen., and James C. Bauch, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This case presents the question whether an error in a plan of restitution may be corrected on appeal from the judgment of conviction and sentence. We conclude that the defendant properly raised in this direct appeal her complaint about the amount of victim restitution she was ordered to pay. The amount was incorrect. We therefore vacate the order for restitution and remand, directing the district court to correct defendant's plan of restitution.

Defendant Caroline Marie Janz pleaded guilty to false use of a financial instrument in the first degree, a violation of Iowa Code section 715.6 (1983). The sentencing court included in her judgment of conviction and sentence of incarceration a specific order requiring her to pay victim restitution in the sum of $115.40, the total amount of four forged checks listed on the trial information. Defendant points out in this direct appeal that of the four bad checks listed, only two in the total sum of $32.50 were accepted by the payees and caused them harm. The other two checks totaling $82.90 were not accepted and therefore did not cause the victims to suffer pecuniary damages within the meaning of our restitution statute, Iowa Code section 910.1(2), which provides:

"Pecuniary damages" means all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium. Without limitation, "pecuniary damages" includes damages for wrongful death.

The State concedes that the order requiring restitution erroneously included the checks totaling $82.90 which were never accepted and therefore caused no harm to any victim. The State contends, however, that defendant was required first to seek relief from the incorrect restitution order by filing a petition with the sentencing court pursuant to Iowa Code section 910.7 (1983), which provides:

At any time during the period of probation, parole or incarceration, the offender or the office or individual who prepared the offender's restitution plan, may petition the court and the court shall grant a hearing on any matter related to the plan of restitution or restitution plan of payment. The court at any time prior to the expiration of the offender's sentence, may modify the plan of restitution or the restitution plan of payment, or both, and may extend the period of time for the completion of restitution.

The State interprets this provision of chapter 910, governing victim restitution, as a statutory requirement for exhaustion of remedies. The State's fallback position is that a plan of restitution or restitution order is never appealable because there is no specific authority for such an appeal in Iowa Code section 814.6 (1983).

■ I. We agree only partially with the State's first contention. A defendant can and probably should ordinarily file such a petition with the district court before appealing, but the defendant is not required to do so.

In *State v. Harrison*, 351 N.W.2d 526, 529 (Iowa 1984), we explained that section 910.7 gave the sentencing court the authority to review any issue concerning either the plan of restitution or the plan of payment provided for in the sentencing of a criminal defendant. Consequently, defendant certainly could have filed a section 910.7 petition requesting that the sentencing court correct the amount she was required to pay. The issue, however, is not whether defendant could have filed such a petition but whether defendant was required to file such a petition to obtain relief. She was not required to do so.

First, the statute uses the permissive verb "may petition," a strong suggestion that the legislature intended filing of such a petition to be optional and not mandatory.

Secondly, we faced a similar issue in *State v. Young*, 292 N.W.2d 432 (Iowa 1980), involving interpretation of Iowa Rule of Criminal Procedure 23(5)(a), which provided:

The court may correct an illegal sentence at any time.

There, the State contended that the defendant's appeal from an allegedly illegal sentence was premature because he had failed to present the issue first to the district court. We decided in *Young*, however, that the defendant was not required to resort to that rule initially to correct an illegal sentence. *Id.* at 435. Noting that the practice in Iowa for many years had been to allow either the district court or the

appellate court to correct an illegal sentence, we said:

> Nothing in rule 23(5)(a) expressly requires a motion thereunder prior to appeal, section 814.20 of the Code authorizes us to dispose of an appeal by affirmation, reversal, "or modification" of the judgment, and we prefer to remain with the prior practice. We thus reject the State's contention that rule 23(5)(a) *must* be initially applied.

*Id.* (emphasis in original).

■ Although we here recognize that section 910.7 gives a defendant an option to challenge a restitution order either in the district court or on appeal, two cautions and a suggestion are in order. First, if a defendant's time for appeal from the original judgment of conviction and sentence has expired, the defendant must initially obtain a ruling from the district court on a petition for modification before seeking modification on appeal. As we said in *Young:*

> We do not suggest, of course, that a defendant would not have to proceed first under that rule if his time for appeal had otherwise elapsed; here he appealed in time.

292 N.W.2d at 435. Secondly, because considerable discretion is lodged in the district court on matters involving sentencing, the sentencing court may be less reluctant than the appellate court to grant relief from an order for restitution or plan of restitution.

We suggest that counsel always consider asking the sentencing court to modify inappropriate restitution plans and orders before raising such questions on appeal. Premature appeal of those matters may significantly increase the cost of litigation, including the time and expenses incurred by the Attorney General and by privately retained or court-appointed attorneys representing defendants. The question of reasonableness of fees for court-appointed counsel is not before us in this case. Nevertheless, interests of judicial economy would certainly have been better served in this case if defendant had given the sentencing court the opportunity to correct what was probably an oversight.

■ II. The State's second contention, that an order involving restitution may never be appealed, is without merit. Iowa Code section 814.6(1)(a) specifically grants a criminal defendant the right of appeal from "[a] final judgment of sentence, except in case of simple misdemeanor and ordinance violation convictions." Section 910.2 contemplates that an order for restitution shall be made and provided for as part of every judgment of conviction and sentence except in those cases involving simple misdemeanors. Here the trial court complied with that requirement by ordering restitution; the only problem was in the amount of restitution to be paid. It is therefore clear in this case that defendant's appeal from the final judgment was also a permissible appeal from all orders incorporated in that sentence, including the order of restitution here challenged.

We have previously held that when restitution is made a condition of probation, a defendant may appeal from provisions that are part of that restitution order. *See State v. Rogers,* 251 N.W.2d 239, 243 (Iowa 1977). It would be inconsistent for us to correct errors in restitution orders when restitution is a condition of probation, but not correct orders entered by the district court in connection with restitution when the defendant has been incarcerated and is not a probationer.

■ The district court should not have included in the order for restitution, which was part of the final judgment of conviction and sentence, the sum of $82.90 which represented checks which were never accepted and never caused harm to victims. On remand the judgment of sentence and conviction shall be corrected by changing the amount of victim restitution to be paid from the sum of $115.40 to the correct sum of $32.50.

RESTITUTION ORDER VACATED; REMANDED WITH DIRECTIONS.