# IN THE COURT OF APPEALS OF IOWA

No. 15-1181
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTONIO RICCARDO CAMPBELL,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant appeals his sentence for sexual abuse in the third degree and assault causing bodily injury. **SENTENCE VACATED AND REMANDED FOR CORRECTION OF SENTENCE.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Antonio Campbell appeals his sentence for sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4 (2013), and assault causing bodily injury, a serious misdemeanor in violation of Iowa Code sections 708.1(2) and 708.2(2). Campbell argues the district court erred in finding he had the reasonable ability to pay restitution and either abused its discretion or abdicated its duty to exercise discretion in imposing his sentence.[1] *See* Iowa Code § 910.2. He contends the court's failure to address the facts indicating his *inability* to pay violated his due process right to a meaningful restitution hearing. Because the district court's determination Campbell had the reasonable ability to pay restitution was premature and unsupported by the record, we vacate and remand for the entry of a corrected sentencing order.

## I.      Background Facts and Proceedings

On the day his case was set for trial, Antonio Campbell pleaded guilty to third-degree sexual abuse and assault causing bodily injury under an agreement with the State. He chose to proceed with sentencing immediately and waived his right to a presentence investigation before sentencing. The district court imposed consecutive sentences of imprisonment for each count. The court also ordered Campbell to pay fines totaling $1315 with a thirty-five percent surcharge, court costs, a $250 civil assessment, and victim restitution.

---

[1] In the event we find the restitution issue has been waived, Campbell alternatively raises this issue in an ineffective-assistance-of-counsel claim. Challenges to a sentencing order "need not be first presented to the district court," so we find no waiver of the restitution issue. *State v. Kurtz*, 878 N.W.2d 469, 471 n.2 (Iowa Ct. App. 2016). Accordingly, we decline to address Campbell's ineffective-assistance claim.

A section entitled "Restitution" in the sentencing order stated: "Pursuant to Iowa Code Section 910.2, and finding that the defendant is reasonably able to pay, the defendant shall pay and judgment is imposed against the defendant as follows: Pecuniary damages (determined at a later time) to the victim(s)."

The sentencing order is notable in its omissions. Although the court verbally imposed court costs during the combined plea colloquy and sentencing hearing, the written order does not mention court costs. It does not impose payment for court-appointed attorney fees. At the time of Campbell's appeal, the court had not filed a temporary or supplemental order setting the amount of restitution, known as the plan of restitution (*see* Iowa Code § 910.3), but several parties had filed reimbursement claims, including attorney-fee claims totaling $7553.78.

## II.     Standard of Review

We review restitution orders for correction of errors at law. *State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001). We consider whether the district court's fact-findings lack substantial evidentiary support and whether the court correctly applied the law. *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* (quoting *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999)). To the extent Campbell raises a constitutional due process challenge, our review is de novo. *See State v. Love*, 589 N.W.2d 49, 50 (Iowa 1998).

**III. Analysis**

**A. Justiciability**

The State argues we shouldn't reach the merits of Campbell's claim because it is neither appealable nor ripe. The State insists although "[t]he amount of restitution is part of the sentencing order and is therefore directly appealable," a defendant's "ability to pay is an issue apart from the amount of restitution and is therefore not an 'order[] incorporated in the sentence'" and not directly appealable. *See Jose*, 636 N.W.2d at 45 (quoting *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)). The State also claims a defendant may not challenge the court's determination of his ability to pay until the court has issued the plan of restitution, citing *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). We find neither *Jose* nor *Swartz* directly addresses the problem with the sentencing order identified by Campbell.

In *Swartz*, a defendant challenged a restitution order requiring him to pay court costs and court-appointed attorney fees when the court did not first determine his ability to pay. *Id.* The *Swartz* court held the defendant could not make this challenge because (1) the plan of restitution was not complete at the time of the appeal and (2) the proper remedy for the defendant was a petition to the district court for a modification. *Id.* In a companion case to *Swartz*, the court explained: "Until [the plan of restitution is complete], the court is not required to give consideration to the defendant's ability to pay." *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (citing *Swartz*, 601 N.W.2d. at 354).

But here we face a different situation—the sentencing court determined Campbell had a reasonable ability to pay in its sentencing order before the court

entered an order constituting the plan of restitution. Campbell does not ask the court to make a premature finding of his ability to pay as in *Swartz*. Rather, he faults the court for making that finding before determining the total amount of restitution owed.

In light of Campbell's particular challenge to the sentencing court's finding, we consider the statement from *Jose* that a defendant's ability to pay is a distinct issue from the amount of restitution and therefore not directly appealable. In *Jose*, a defendant challenged the amount of restitution the court ordered him to pay although the court did not finalize that amount until after the defendant had filed his appeal. 636 N.W.2d at 43. The *Jose* court indicated the issue of the amount of restitution was directly appealable and carefully distinguished *Swartz*, quoting *Swartz* and *Jackson* at length and noting "[t]he defendant in *Swartz* challenged the 'reasonable ability to pay' determination rather than the total amount to be paid to victims." *Id.* at 45. The not-directly-appealable statement cited by the State follows this discussion.[2] *See id.* Although the statement itself is not supported by a citation, the location of the language and its content— referring to an ability-to-pay issue—make the reference to *Swartz* unmistakable.

---

[2] One sentence—"[t]he amount of restitution is part of the sentencing order and is therefore directly appealable, as are all orders incorporated in the sentence"—appears between the *Swartz* discussion and the language at issue. *See Jose*, 636 N.W.2d at 45. This proposition comes from *Janz*, 358 N.W.2d at 549, and is referenced in the not-directly-appealable statement itself. *See Jose*, 636 N.W.2d at 45 ("The ability to pay is an issue apart from the amount of restitution and is therefore not an '*order[] incorporated in the sentence*' and is therefore not directly appealable as such." (emphasis added)). But *Janz* did not address a defendant's ability to pay; it involved a mistake in the amount of restitution included by the sentencing court in the sentencing order. *See Janz*, 358 N.W.2d at 549. Accordingly, the not-directly-appealable statement cannot originate from *Janz* alone. Instead, *Jose* applies the *Janz* rule—"all orders incorporated in the sentence" are directly appealable—to the court's failure to make a reasonable-ability-to-pay determination in *Swartz*. *Compare Janz*, 358 N.W.2d at 549, *and Swartz*, 601 N.W.2d at 354, *with Jose*, 636 N.W.2d at 45.

Thus, *Swartz* contemplates a situation in which the court has ordered an amount of restitution without determining the defendant's reasonable ability to pay, 601 N.W.2d at 354, and *Jose* considers a defendant's challenge to the actual amount of restitution, 636 N.W.2d at 45. But neither addresses the circumstances at hand. Campbell does not challenge the amount of his restitution, which is currently unknown. More importantly, the sentencing court in this matter actually determined Campbell had the reasonable ability to pay restitution. Because the court made that finding *in the written sentencing order*, it is "incorporated in the sentence," and we may review it on appeal. *See Janz*, 358 N.W.2d at 549 (stating appellate courts may correct errors in sentencing orders entered by district courts concerning restitution).[3] Accordingly, we proceed to the merits of Campbell's claim.

## B. Reasonable Ability to Pay

Campbell asserts the court made an unsupported finding he had the reasonable ability to pay restitution in the sentencing order.[4] Rather than contest

---

[3] The instant case is somewhat the inverse of *Kurtz*, 878 N.W.2d at 472, where our court relied on *Janz* and distinguished *Jose*, holding Kurtz could challenge the district court's failure to consider his reasonable ability to pay where the sentencing order contained both a plan of restitution as well as a restitution payment plan. Here, where the sentencing order included neither a plan of restitution nor a payment plan, Campbell can still challenge on appeal the sentencing court's affirmative finding in the sentencing order that he had the reasonable ability to pay. *See Janz*, 358 N.W.2d at 549.

[4] Here, the sentencing order does not explicitly assess any restitution subject to the ability-to-pay standard of Iowa Code section 910.2(1). But this does not bar the court from assessing additional restitution in the future. Because the total amount of restitution was unknown at the time of sentencing, the court may issue a supplemental order, establishing the full amount of restitution—including court costs and court-appointed attorney fees—at a later time. *See* Iowa Code § 910.3. Although the court has not yet issued a supplemental order, several parties filed fee claims after Campbell's sentencing.

We also note the county attorney has already filed a notice of full commitment to collect delinquent obligations in this matter. We question the propriety of sending an

this claim, the State acknowledges "[t]he present record does not indicate Campbell's state of health or whether he possesses any skills." We agree the sentencing court's finding of Campbell's ability to pay a yet-to-be determined amount of restitution under a non-established payment plan is unsupported by the record.

Regardless of a defendant's ability to pay, the sentencing court must order restitution to crime victims and to the clerk of court for fines, penalties, and surcharges. Iowa Code § 910.2(1); *see also State v. Wagner*, 484 N.W.2d 212, 215–16 (Iowa Ct. App. 1992). But ordering court costs and court-appointed attorney fees is subject to the defendant's reasonable ability to pay. Iowa Code § 910.2(1); *see also State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985). A defendant's reasonable ability to pay is a "constitutional prerequisite" for restitution orders under section 910.2. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due." *Id.* at 649.

Our supreme court addressed a claim similar to Campbell's in *Kaelin*, 362 N.W.2d at 527–28. Kaelin challenged a restitution order requiring him to pay court costs and $3755 in court-appointed attorney fees. *Id.* He argued the court either failed to exercise discretion or abused its discretion in ordering the

---

account to collections before the court has completed the plan of restitution and determined the total amount due. *Cf. Bader v. State*, 559 N.W.2d 1, 3–4 (Iowa 1997) (finding defendant's probation could not be revoked for failure to make restitution payments when court had not completed plan of restitution "against which [defendant's] conduct could be tested for compliance").

restitution because the record was silent on his ability to pay and the presence report showed he was indigent. *Id.* at 528. The *Kaelin* court upheld the restitution order, reasoning *the record showed* Kaelin was indigent but had "several skills that should enable him to earn income" and seemed to be "in good health." *Id.* Campbell contends *Kaelin* is distinguishable because this record fails to demonstrate Campbell has any skills enabling him to earn income.

We note during the plea colloquy, the court asked Campbell just four questions that could speak to his ability to pay restitution:

> Q. How old are you? A. Fifty.
> Q. And the extent of your education? A. High school diploma.
> Q. Do you have any on-the-job training or any special training beyond high school? A. I worked at Rath's.
> Q. Do you have any difficulty reading, writing, or understanding the English language? A. No.

We agree the record is sparse. But more troubling is the fact the sentencing court made an affirmative finding of Campbell's ability to pay without knowing the total amount—or even a reasonable estimate—of the restitution owed. Because Campbell chose to waive presence investigation, the clerk of court had not yet compiled a statement of the court-appointed attorney fees and other costs.[5] *See* Iowa Code § 910.3. We believe a sentencing court cannot determine a defendant's ability to pay restitution without, at a minimum, an estimate of the total amount of restitution, and we find the sentencing court's determination of Campbell's ability to pay was premature and lacked evidentiary support.

---

[5] Further, the State had not filed a statement of pecuniary damages (victim restitution) at the time of sentencing. Although consideration of a defendant's reasonable ability to pay does not apply to victim restitution, logically, the amount of victim restitution ordered could affect a defendant's reasonable ability to pay attorney fees and court costs.

**C.     Remedy**

Finally, Campbell requests we reverse and remand to the district court "for a thoughtful and studied determination of Campbell's ability to pay the obligations emanating from his convictions."  At the time of Campbell's appeal, the district court had not yet entered the order constituting the plan of restitution.  The court is not required to consider Campbell's ability to pay until it has issued that order.  *Swartz*, 601 N.W.2d at 354; *see also Jackson*, 601 N.W.2d at 357.  If Campbell believes the forthcoming plan of restitution does not reflect his reasonable ability to pay, he may petition the district court for modification under Iowa Code section 910.7.  *See* Iowa Code § 910.7; *see also Swartz*, 601 N.W.2d at 354.

Accordingly, we vacate and remand to the district court.  On remand, the judgment of sentence and conviction shall be corrected by striking the sentencing court's unsupported finding of Campbell's ability to pay.

**SENTENCE  VACATED  AND  REMANDED  FOR  CORRECTION  OF SENTENCE.**