**IN THE COURT OF APPEALS OF IOWA**

No. 15-0268
Filed September 28, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM MAXWELL PATRICK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carla T. Schemmel
(plea) and Robert J. Blink (sentencing), Judges.


        Adam Maxwell Patrick appeals from judgment and sentence entered upon
his pleas of guilty.  **AFFIRMED.**



        Darren J. Robinson of McEnroe, Gotsdiner, Brewer, Steinbach, &
Rothman, P.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney
General, for appellee.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Adam Maxwell Patrick pled guilty to four of six pending charges pursuant to a plea resolving six cases: he pled guilty to one count for carrying weapons, an aggravated misdemeanor in violation of Iowa Code section 724.4 (2013), and three counts for possession of a controlled substance, serious misdemeanors in violation of Iowa Code section 124.401(5). Patrick appeals, contending: the district court (1) did not make a finding of a factual basis for each of guilty plea, (2) "did not make a verbatim record" of each plea, (3) did not inform him of his right to withdraw should the court not concur with the terms of the plea, and (4) did not address him before sentencing. All of these claims were waived by Patrick's written guilty pleas,[1] or are belied by the record.

The district court's order accepting Patrick's guilty plea states, "Based upon defendant's statements, the prosecutor's statements, and the minutes of testimony as applicable, the court finds that there is a factual basis for the plea[s.]" A written guilty plea may replace the colloquy for misdemeanors with the defendant's consent. Iowa R. Crim. P. 2.8(2)(b) ("The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor."). Patrick's consent was noted in the December 30, 2014 order accepting the plea: "Defendant waived any right to have a verbatim record of the proceedings." The written petitions to plead guilty included Patrick's admissions that he "carried a pistol without a permit to carry," and he "possessed marijuana" and "knew it was

---

[1] *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea.").

marijuana." The petitions also noted that the plea agreement allowed the parties to argue with regard to sentencing, so there was no agreed-upon sentence to which the court needed to concur. Finally, the sentencing order states that the defendant was given the opportunity to allocute.

Patrick also contends he was denied effective assistance of counsel because counsel did not obtain a plea that required the court's consent. The usual course is to preserve claims of ineffective assistance of counsel for postconviction-relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We do not address this claim because the record is not adequate to determine whether such a plea was discussed. *See State v. Avery*, No. 14-0052, 2014 WL 5249196, at *2 (Iowa Ct. App. Oct. 15, 2014) (affirming convictions and preserving ineffective-assistance claims for possible postconviction relief because there was no record concerning "discussions trial counsel may have had with Avery concerning plea negotiations or the viability of filing a motion to suppress and possibly foregoing a favorable plea deal" on appeal).

Finally, Patrick asserts his sentence improperly required that he repay court-appointed fees and the costs of dismissed charges. To the extent the challenge pertains to the charges from which there is no right to appeal, we do not address them. To the extent the challenge pertains to court costs and attorneys' fees as a claim of the imposition of an illegal sentence, in both of the written petitions to plead guilty, Patrick agreed to "pay full restitution for all charged offenses including any counts or cases dismissed." This is a

permissible term of a plea bargain.[2]  *See Petrie*, 478 N.W.2d at 622 ("We stress that nothing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees.").

**AFFIRMED.**

---

[2] We note that court costs are a form of restitution governed by Iowa Code sections 910.1(4) and 910.2.  The restitution amount is part of the sentencing order and may be appealed directly.  *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984).  Court costs may not be assessed against a defendant for dismissed counts unless the defendant expressly agrees to that assessment as part of a plea agreement.  *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991); *see also State v. Leatherberry*, No. 15-0985, 2016 WL 3003420, at *2 (Iowa Ct. App. May 25, 2016).