# IN THE COURT OF APPEALS OF IOWA

No. 23-1731
Filed June 5, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BENJAMIN FREDERICK HURRY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

A defendant appeals a sentence. **AFFIRMED IN PART**, **VACATED IN PART, AND REMANDED.**

Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Benjamin Hurry claims an abuse of discretion by the district court in sentencing him to concurrent terms of incarceration rather than probation. He argues the court disregarded his "extraordinary efforts toward rehabilitation already undertaken" in the time since his arrest.

## I. Background Facts and Prior Proceedings

In 2022, Hurry was charged with three counts of sexual abuse in the third degree, a class "C" felony. As part of a plea agreement, Hurry pled guilty to all three counts. In exchange, the State agreed to recommend concurrent terms of incarceration, while Hurry was free to request a lesser sentence.

At sentencing, Hurry argued for a suspended sentence with probation to include mental health and sex offender treatment. In support of his request, Hurry highlighted his thirteen months spent in jail during which he had taken steps toward the presentence investigation's (PSI) recommendations regarding treatment. The court sentenced him to an indeterminate term of incarceration not to exceed ten years on each count, the sentences to be served concurrently. Hurry appeals.

## II. Standard of Review

We review the court's sentencing decision in a criminal case for errors at law, but a "sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

### III.    Analysis

Hurry argues the district court erred in disregarding the steps he had taken toward rehabilitation before sentencing.  He asserts these efforts justified a suspended sentence and probation, rather than incarceration as imposed by the court.  Hurry does not contend the court considered improper factors or that the sentence was outside that permitted by statute.

In determining a sentence, the court should "consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses."  *Id.*  The court should also consider "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform."  *Id.*  While the court must consider relevant factors in sentencing, "it [is] not required to specifically acknowledge each mitigating factor claimed by [the defendant]."  *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).  And "the district court's authority to weigh the competing factors to reach a sentencing decision is the essence of the discretion given to a sentencing judge."  *Id.*

Hurry claims the district court ignored mitigating factors and his work toward reform, and that the court's failure to consider the same constituted error.  But this claim ignores the statements of the court at sentencing:

> Mr. Hurry, it's my duty under the law to review what's available to me in terms of community resources and to determine what the appropriate rehabilitation plan would be for you.
> I have to consider the very serious nature of these offenses that you have pled guilty to, the effect that these crimes have had on the community, and, most importantly, the victim in this case, your willingness to accept change and treatment, and what's available within the community to address your needs.  I look at the least

restrictive alternatives first and then proceed to the more restrictive alternatives.

I have reviewed your entire Presentence Investigation Report for the purposes of today's hearing, but that section of past criminal history, I have not considered any of those entries in that section that do not reflect an admission of guilt or a finding of guilt in regards to those offenses.

These types of cases are very difficult. I have, as noted, read the document that your attorney prepared. He did a very fine job in advocating on your behalf given these very difficult circumstances of this case.

I am encouraged at some point that you will be rehabilitated due to the fact that you have taken some steps currently while you have been incarcerated towards that end. But, sir, based on the nature of these offenses and the magnitude of these offenses, and due to the serious nature of the offenses—and this is just not one time that this occurred, but it was ongoing criminal conduct on your behalf—in no way can I give you probation. A period of incarceration will be imposed.

The court's statements at sentencing show a consideration of the competing factors relevant here. We cannot find an abuse of discretion in this process when "[t]he right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). The court did not act on grounds or for reasons clearly untenable or unreasonable in imposing a term of incarceration.

We next turn to an issue not raised by either party on appeal. As explained by our supreme court, when a case is on direct appeal, the appellate court may correct an illegal sentence even if the illegality were not raised in the district court. *See, e.g.*, *State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980) ("If a sentence is illegal . . . the practice in this state has been for the district court to correct the illegality when it comes to that court's attention, or for this court to do so or to direct the district court to do so when it comes to this court's attention."). Because the illegality here is clear, we exercise our discretion to correct it now.

The district court as part of its oral pronouncement and written sentencing order required Hurry to complete sex offender treatment. The court was without statutory authority to order this requirement, and therefore, it constitutes an illegal sentence. *See State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 (Iowa Ct. App. Apr. 14, 2021). We therefore vacate this portion of the sentencing order. We note the department of corrections may still require Hurry to complete sex-offender treatment. *See id.* at *3 n.6 ("The department of corrections may still require Smith to participate in the sex offender treatment program, but that decision is within the authority of the department, not the district court."); *accord Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010); *State v. Gardner*, No. 22-0422, 2023 WL 153509, at *2 (Iowa Ct. App. Jan. 11, 2023).

Accordingly, we vacate the portion of Hurry's sentence that requires completion of sex offender treatment and remand for imposition of a new sentencing order to omit this requirement.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**